TATE, Justice
(dissenting).
I respectfully dissent.
The defendant was tried for the rape of Emily T. on May 16, 1971. Both State and defense presented their evidence on August 18th and 19th, 1971 and rested the latter evening. (Tr. 309: BY THE COURT: “The State has no rebuttal?” PROSECUTOR: “No rebuttal”.) After colloquy between Court and jury, it was decided not to present the case to the jury until the following morning. Tr. 309-314.
When the court reconvened at 9 AM the following morning (August 20th), the State moved to reopen the case to present additional evidence of which it had just learned only the previous evening. Under this procedure, Article 765(5), unlike with the introduction of rebuttal evidence, the defense has the right to defend against the new evidence so introduced. I am unable *362 to say that the procedure so followed is unauthorized or improper.
However, in allowing; such non-ordinary procedure, the trial court’s discretion must weigh the prejudice the defendant or State will suffer as against the probative value of the new evidence proffered. Certainly, the defendant should not be deprived of an adequate opportunity to prepare a defense against this newly discovered evidence.
The new evidence consisted of the alleged rape of Esma G., a different lady, on September 29, 1970, some six months prior to the alleged rape for which the defendant was tried. This married lady testified she had a date with the defendant, because she was mad at her husband, and that the defendant had taken her away in his car and raped her.
I prefer to rest my dissent primarily, not on the proposition that other crimes are not admissible to prove crimes such as rape where no special intent need be proven, but rather upon the trial court’s denial to the defendant of a continuance of perhaps a day to investigate this witness’s story and to prepare a defense to it.[1]
Here, for instance, this totally surprising and seriously prejudicial evidence was presented at 9 AM on the morning following the close of the case. Without continuance, the defendant produced the testimony of himself, his brother, and his brother-in-law that he was in Michigan, not New Orleans, the date of this allegedly corroborating rape. His counsel, tied up in court and immediately at bat, had no opportunity at all to investigate the complaining witness’s story, her veracity (whether, for instance, she was in New Orleans on the day she claimed to be raped), the circumstances of her reporting or not reporting the alleged rape to the authorities at the time it occurred, etc.
I must say that the State’s case in chief against the defendant was apparently weak. Although indicted for aggravated rape (a capital offense), he was convicted only of simple rape and sentenced to five years. The jury was out for six hours before returning even this verdict. The cumulative effect of this additional incident was undoubtedly significant in the jury’s ultimate verdict of guilty to even the reduced charge.
It is simply unfair and not up to standards of fairness required of criminal trials to have denied the defendant a continuance to defend against this serious extraneous charge, belatedly raised after the case had closed (if indeed the trial court did not abuse its discretion by permitting reopening of the evidence to permit proof of this non-related offense).
I therefore respectfully dissent.

. I recognize the inconvenience to the trial jury and to court facilities caused by such a continuance, since in this capital case the trial jurors were sequestered. Nevertheless, this inconvenience must be weighed by the prosecution or defense before requesting a reopening of the case, and the trial court before exercising its discretion to grant this non-usual procedure. At all events, the fundamental fairness of an adequate time to present a defense cannot be denied because of such inconvenience.